IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| PAMELA MOSES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-02436-JTF-atc |
| | ) |
| SHELBY COUNTY ENVIRONMENTAL | ) |
| COURT, CITY OF MEMPHIS, | ) |
| UNIVERSITY OF MEMPHIS | ) |
| NEIGHBORHOOD PRESERVATION | ) |
| CLINIC, MARK ADAMS, | ) |
| TENNESSEE RECEIVERSHIP GROUP, | ) |
| | ) |
|    Defendants. | ) |

**ORDER DISMISSING CASE**

Before the Court is *pro se* Plaintiff Pamela Moses's Petition for Writ of Certiorari, Application for Inunction, and Application for Stay, filed as a single document on July 20, 2023.[1] (ECF No. 1.) This case is an outgrowth of a public nuisance action that the City of Memphis ("City") brought against an abandoned property pursuant to Tennessee Neighborhood Preservation Act, Tenn. Code Ann. § 13-6-102(12), on February 10, 2022. Moses removed that action from the Shelby County Environmental Court to this Court on October 2, 2023, alleging that the Environmental Court violated federal anti-discrimination and tort statutes. (*See generally* Case No. 23-cv-2627-JTF-atc; ECF No. 1.) For the reasons set forth below, this case is **DISMISSED**.

---

[1] A petition for writ of certiorari seeks "[a]n extraordinary writ issued by an appellate court, at its discretion, directing a lower court to deliver the record in the case for review." CERTIORARI, Black's Law Dictionary(11th ed. 2019). The U.S. District Court for the Western District of Tennessee is not a court of appeal, so it cannot address such a petition. The Court construes the document as a civil complaint and refers to it as ("Complaint") hereinafter. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

1

## I. BACKGROUND[2]

Plaintiff in the instant case is Pamela Moses, who is proceeding *pro se* and apparently in a legal capacity on behalf of, in addition to, or as the authorized spokesperson of Hollywood Community Neighborhood Association ("HCNA") and Rise Up America ("RUA"). (ECF No. 1, 4-5.) Rise Up America is a registered nonprofit corporation formed in Tennessee that identifies its principal office address as "Pamela Moses 2383 Jackson Ave Memphis, TN 38108-3239 USA."[3] Defendants are the City of Memphis ("City"), the University of Memphis Neighborhood Preservation Clinic who were responsible for representing the City in the underlying Environmental Court action, the Shelby County Environmental Court, the Tennessee Receivership Group, and Mark Adams who Moses alleges is the ultimate recipient of the disputed property. (*Id.* at 3.)

On February 10, 2022, the City initiated an action in the Environmental Court of Shelby County, Tennessee for the Thirtieth Judicial District against the property identified as parcel 052013 00003 in the Register's office of Shelby County Tennessee and municipally known as 2383 Jackson Avenue, Memphis, Tennessee 38108. (Case No. 23-cv-2627-JTF-atc; ECF No. 1, 1-3, 5.) The City alleged that the property was a public nuisance under § 13-6-102 and sought abatement of its deteriorating condition. (Case No. 23-cv-2627-JTF-atc; ECF No. 1-1, 3.) The owner of the subject property is Pinnacle Pentecostal Holiness Church, Inc., whose pastor passed away prior to the commencement of this action. (ECF No. 1, 3.) In accordance with the statutory requirements set forth in Tenn. Code Ann. § 13-6-106(a) and (b), the City's petition included a

---

[2] Moses did not file copies of any of the court materials from the underlying case despite explicitly relying on factual and legal findings contained therein. The Court takes judicial notice of the materials which were included in Moses's Notice of Removal for the underlying case. *See Simpson v. G4S Secure Solution (USA), Inc.*, No. 12-2875-STA-tmp, 2013 WL 2014493, at *3 (W.D. Tenn. May 13, 2013) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (indicating that courts may take judicial notice of public records and consider them in their rulings).
[3] Tennessee Secretary of State (January 11, 2024)
https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=247219048253005210083248002054005005220125056215

draft Order of Compliance that specifically requested the appointment of a receiver to abate the nuisance should the property's owner fail to do so. (Case No. 23-cv-2627-JTF-atc; ECF No. 1-3, 3-4.) The Shelby County Environmental Court then ordered the City to publish in the Daily News of Memphis, Tennessee a copy of its order putting all interested parties on notice of a March 31, 2022 hearing concerning the pending claims against the property, which the City complied with in a notice published on March 10, 2022. (Case No. 23-cv-2627-JTF-atc; ECF No. 1-1; 3-4.)

The City also provided notice of this lawsuit to HCNA and RUA as possible interested persons consistent with three "Notice of Lien" instruments that appeared in the property's title search. (Appeal; July 21, 2023 Filing at 3.)[4] One lien appears on the Appeal's docket, and it pertains to an alleged oral agreement between the HCNA and Church in which the HCNA agreed to maintain the Church's yard. (*Id.* at 1.) After the Environmental Court's recording of an Abstract of Lien *Lis Pendens*, Moses filed a document titled "Notice of Statutory Lien, Adverse Possession and Legal Interest in Real Property" which identified her as the President of RUA, and RUA as the lienholder on the property. (*Id.* at 3.)

The Environmental Court entered an Order of Compliance on March 31, 2022 which declared the property a public nuisance and provided that any interested person or potential receiver could present a proposed development plan. (Appeal; May 5, 2023 Filing at 2.) The Court noted that despite appearing in multiple settings and expressing an interest in the property and court proceedings, Moses never submitted a proposed development plan to abate the public nuisance as an interested person. (Appeal; July 21, 2023 Filing at 3.) Moses sought to have RUA appointed as a receiver, but the Environmental Court appointed the Tennessee Receivership Group. (*Id.*) Moses then filed a motion to stay, motion for the Environmental Court to acknowledge

---

[4] The Court also take notice of filings from Moses's direct appeal of several of the Environmental Court's interlocutory orders in Case No. W2023-00473-COA-R3-CV ("Appeal"), as she appears to similarly rely on these documents.

3

her as an equitable and interested person, objections to the appointed receiver's lien and notice of fraud and misrepresentation, and a motion for the Court to appoint counsel for HCNA and RUA. (*Id.* at 4.) The Environmental Court held that (1) Moses lacked standing as she did not have an individual legal interest in the property; (2) she could not represent either of her business entities as she was not an attorney; and (3) she did not raise any basis for the appointment of counsel, and therefore denied her motions in an order dated July 19, 2023. (*Id.*)

Moses then filed the instant Complaint with the Clerk of Court for the Court of Appeals of Tennessee at Jackson on July 21, 2023. (Appeal; July 21, 2023 Filing & August 8, 2023 Filing.) The Court of Appeals denied the relief sought in full, noting that the petition was procedurally deficient in numerous ways and that the Court had previously denied Moses's similar requests for stays in this matter on two separate occasions. (*Id.*)

Moses initiated this action on July 20, 2023, one day before she filed a nearly identical "Complaint" with the Tennessee Court of Appeals. (ECF No. 1.) Therein, she states that the following legal issues are at stake in a numbered list introduced as "[t]he federal questions are Constitutional issues": (1) a challenge to the Environmental Court's jurisdiction to handle "equitable cases" in which a jury is required; (2) a statement that she has standing to represent herself, RUA, and HCNA; (3) a procedural and substantive due process challenge; (4) an adverse possession challenge; and (5) an assertion that the Environmental Court discriminated against her. (*Id.* at 4.) She also seeks a stay of the Environmental Court's interlocutory order. (*Id.* at 6.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* review and dismiss the complaints of plaintiffs proceeding *in forma pauperis* ("IFP") if it determines at any time that the action is (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or

4

(3) seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* complaints must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

Congress has authorized federal courts to dismiss an IFP complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29, (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### III.   ANALYSIS

The Court finds that dismissal is warranted because (1) Moses can represent herself but cannot represent the HCNA or RUA; (2) she lacks standing to bring any of her substantive claims; (3) the Court does not have the power to issue an injunction staying the case in the Environmental Court; and (4) cases at equity do not require a jury trial.

#### A.  Right to Self-Representation

To better situate its review of Moses's Complaint, the Court begins with her second alleged "Constitutional question." Therein, she asks "[c]an Petitioner represent herself in her individual capacity?" (ECF No. 1, 4.) This is not a Constitutional question because the Sixth Amendment right to self-representation strictly applies to criminal defendants at trial. *See Faretta v. California*, 422 U.S. 806 (1975). Moses is not a criminal defendant; so the correlative right is instead protected by statute. *See* 28 U.S.C. § 1654. Nevertheless, the Court affirms that Moses has the right to self-representation. However, as the old adage goes, just because you can, doesn't mean you should.

Section 1654 also resolves Moses's third question pertaining to whether she can represent RUA and HCNA in this matter. (ECF No. 1, 4.) The statute provides the right to represent oneself or be represented by counsel; but it does not give a non-attorney the right to represent others. *See* 28 U.S.C. § 1654; *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir.2002) (holding that a plaintiff may not appear pro se where "interests other than their own are at stake."). Moses is not a licensed attorney, so she cannot represent HCNA or RUA. For this reason, the remaining analysis proceeds under the assumption that Moses is the injured party.

### B. Standing

The Court next considers whether Moses has standing to bring this case. Under the Constitution, a federal court's jurisdiction extends solely to "cases" or "controversies." *Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 343 F.R.D. 378, 395 (S.D. Ohio 2023) (citing U.S. Const. Art. III). One aspect of that limitation is that a plaintiff must have standing to proceed. *Id.* Because Article III standing is an aspect of subject-matter jurisdiction, courts may raise a question of standing *sua sponte*. *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012). To establish Article III standing at the pleading stage of a case, a plaintiff must allege a personal injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Moses's injury appears to either be the loss of property which she claims to have an interest in, or some derivative injury relating to the way the Environmental Court addressed her concerns during this case's proceedings. Neither injury suffices for Article III standing purposes because the interest belongs to the HCNA—to the extent that such injury exists at all—and she has not alleged any facts suggesting that the Environmental Court violated her rights during the proceedings.

Moses contends that the Environmental Court violated her Procedural and Substantive Due Process rights and discriminated against her by refusing to convey the property in some form. (ECF No. 1, 3-4.) At the outset, the Court notes that Moses fails to allege any facts in support of her legal claims; the Complaint could be dismissed on this ground alone. Nevertheless, in order to insure completeness, the Court considers her arguments in more depth. Moses's claim to the property is derived from the HCNA's lien relating to the property owner's outstanding bill for the Association's yard work. (Appeal; July 21, 2023 Filing at 3.) Moses believes that this lien entitles her to the property pursuant to the Tennessee Neighborhood Preservation Act. (*See* ECF No. 1, 3.) The Act provides that when a property owner fails to abate a declared public nuisance, a court may appoint an "interested person" or a qualified receiver to perform the work. Tenn. Code Ann. § 13-6-106(f)-(g). The Court considers whether Moses is an interested person or qualified receiver below.

Pursuant to the Tennessee Neighborhood Preservation Act, "interested person" means, with respect to a subject parcel, any owner, named trustee, or other person that:

A. Holds, or is the assignee of the holder of, a lien against that subject parcel;
B. Is named as a nominee or agent of the holder of an obligation that is secured by a deed or a deed of trust affecting such subject parcel;
C. Holds the benefit of an easement appurtenant to such subject parcel;
D. Holds the benefit of a restrictive real covenant against such subject parcel; or
E. Possesses an interest of record in or to such subject parcel.

Tenn. Code Ann. § 13-6-102(7.) Even assuming that the HCNA's lien is legitimate, it would not be sufficient to qualify Moses as an interested person because the HCNA is the lienholder. (*See* Appeal; July 21, 2023 Filing at 3.) As stated before, Moses cannot represent the HCNA in this action.

Moses's grounds for receivership are questionable. Under the Act, if the property owner fails to abate the public nuisance, the court may appoint a receiver to take possession and control

of the subject parcel pursuant to a plan submitted for the court's review. Tenn. Code Ann. § 13-6-106(g). A receiver is effectively a court-appointed fiduciary who submits a plan to abate the nuisance out-of-pocket and is then compensated via a court-imposed "receiver's lien" on the property once the work is finished. *See* Tenn. Code Ann. § 13-6-102(14)-(15). It appears that Moses never submitted a proposed development plan for the Environmental Court to review. If that is the case, Moses could not have been considered for receivership. Even if she did, the Environmental Court's non-selection of Moses as a receiver does not suggest a due process violation or discrimination for two reasons. First, the Court infers that Moses seeks ownership of the property based on a broad reading of the Complaint.[5] This suggests that Moses misunderstands what receivership entails. If she were appointed as a receiver, she would be given *temporary* control of the property for the purpose of improving the property by abating the declared public nuisance. Second, Moses would be responsible for paying for any required improvements. *See* Tenn. Code Ann. § 13-6-102(14)-(15). Moses's ability to finance improvements to the property is uncertain, given that she is proceeding in this matter *in forma pauperis*. (ECF No. 10.) Thus, assuming Moses properly applied for receivership, the Court finds no grounds for second-guessing the motives for the Environmental Court's decision to not appoint her.

Moses's belief that she has standing to bring this action is unfounded. She does not have a demonstrable interest in the property. Moreover, Moses has not shown that she applied to be a receiver or that she would be qualified to perform the duties and requirements of a receiver. She has also failed to submit a nuisance abatement plan, as required. Last, Moses did not allege any facts to support her contention that the Environmental Court harmed her during the proceedings.

---

[5] Moses's intention can be assumed from her (1) reference to the deceased owner's expressed intention to keep the property in the community for "neighborhood use;" (2) allegation that the doctrine of adverse possession is somehow relevant to this dispute; (3) mischaracterization of the Tennessee Receivership Group's relation to the property; and (4) repeated assertion that she has an equitable interest in the property. (*See* ECF No. 1, 3-4.)

### C. The Anti-Injunction Act

Moses requests that this Court issue a stay of the Environmental Court's proceedings. (ECF No. 1, 7.) In effect, she asks this Court to enjoin the Environmental Court from handling this matter. Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See* 28 U.S.C. § 2283. Moses has not alleged that any exception to the Anti-Injunction Act applies in this case and the Court is not aware of one. Accordingly, the Court finds that it does not have the power to issue an injunction staying this action in the Environmental Court.

### D. The Seventh Amendment

Moses argues that the Environmental Court lacks jurisdiction to hear this "equitable case" because it cannot empanel a jury. (ECF No. 1, 4.) The Seventh Amendment right to a jury trial only applies in "suits at common law," which refers to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 44 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)). The Seventh Amendment right to a jury trial in civil cases does not extend to cases seeking equitable relief, so the lack of a jury in this matter does not present an issue.

## IV.     CONCLUSION

Consistent with the foregoing, this case is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law.

**IT IS SO ORDERED**, this 9th day of February, 2024.

                                              ***s/John T. Fowlkes, Jr.***
                                              JOHN T. FOWLKES, JR.
                                              UNITED STATES DISTRICT JUDGE